# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00110-BNB

(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

DAVID BAXTER, a/k/a Richie Hill,

    Plaintiff,

v.

RANDY BLAKE DAVIS, Warden, and
HARLEY G. LAPPIN, B.O.P. Director,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCY

    Plaintiff has submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  The Court has reviewed the Application for a Writ of Habeas Corpus and finds that Mr. Baxter is asserting civil rights claims rather than habeas corpus claims.

    Mr. Baxter complains that his eighth amendment rights are being violated.  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973).  It is well established in the Tenth Circuit that § 2241 is an improper vehicle for a prisoner to challenge the conditions of his confinement.  **See McIntosh v. United States Parole Comm'n**, 115

F.3d 809, 811-12 (10th Cir. 1997).  Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), ***see, e.g., Richards v. Bellmon***, 941 F.2d 1015, 1018 (10th Cir. 1991), or pursuant to 28 U.S.C. §§ 1331 or 1361, ***see Simmat v. United States Bureau of Prisons***, 413 F.3d 1225, 1235-36 (10th Cir. 2005).  Even liberally construing Mr. Baxter's claims, he has failed to allege a valid factual basis for a § 2241 action.  Therefore, Mr. Baxter will be directed to file a Prisoner Complaint on the court-approved form.  Additionally, Mr. Baxter will be directed either to pay the $350.00 filing fee or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 with a certified copy of his prisoner's trust fund statement for the 6-month period immediately preceding this filing.

Accordingly, it is

ORDERED that the action is construed as a civil rights action filed pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), or 28 U.S.C. § 1331, rather than a habeas corpus action filed pursuant to 28 U.S.C. § 2241.  It is

FURTHER ORDERED that Mr. Baxter cure the deficiencies designated above by filing a Prisoner Complaint and either by paying the $350.00 filing fee or by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. Baxter shall obtain the court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner

Complaint forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if within the time allowed Mr. Baxter fails to cure the designated deficiencies the action will be dismissed without prejudice and without further notice.  The dismissal shall be without prejudice.

DATED January 31, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge